UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELFINO VAZQUEZ,<br><br>　Petitioner,<br><br>　v.<br><br>DERRELL G. ADAMS,<br><br>　Respondent. | NO. CV 08-5948-VAP (AGR)<br><br><br>ORDER ACCEPTING FINDINGS<br>AND RECOMMENDATION OF<br>UNITED STATES MAGISTRATE<br>JUDGE |

　　　Pursuant to 28 U.S.C. Sec. 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a <u>de novo</u> review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

　　　In Ground One, Petitioner alleged his trial counsel was ineffective based on counsel's failure to call certain witnesses, including Petitioner's children and pastor; counsel's failure to "challenge jury procedures" when a juror napped during trial; and counsel's failure to challenge identification procedures used by the prosecutor and police. (Report at 8-9.) In his objections, for the first time Petitioner alleges that Virginia Marroquin "knew that I am not the person who

committed the crime." (Objections at 2.) Petitioner alleges he met Marroquin when he visited his wife (the victim). (*Id.* at 3.) Marroquin was living near Petitioner's wife's house, and Petitioner helped Marroquin move her car. (*Id.*) He also spoke to Marroquin "on different days" and asked her for advice regarding his wife. (*Id.*) On one day, Marroquin gave Petitioner and his wife a ride. (*Id.*) Petitioner concedes he did not tell his counsel about Marroquin because the "relationship [with counsel] was broken" and "I was myself against everyone including my trial counsel." (*Id.* at 2.)

At the time of the murder, Petitioner's wife was living with her mother, Paula Ramirez. (Lodged Document ("LD") 7 at 2, 4.) Marroquin was one of Ramirez's neighbors. (*Id.* at 4.) Marroquin was a witness for the People. (LD 2 at 1037.) She testified that she was woken up by a noise that sounded like someone gasping for breath. (*Id.* at 1038-39.) She went to her window and saw a woman lying on the ground with a man on top of her. (*Id.* at 1039-40.) Marroquin asked another neighbor to call the police because Marroquin did not have a phone. (*Id.* at 1041-42.) When Marroquin opened the door to her apartment, the man ran away. (*Id.* at 1044.) Marroquin subsequently described the man and what he was wearing to the police. (*Id.* at 1040-41.) However, she never saw the man's face. (*Id.* at 1048.)

On cross, Marroquin testified she had seen Petitioner three times in the past. (*Id.* at 1047.) She had seen him with his wife and their children. (*Id.*)

Petitioner's claim that Marroquin knew he did not murder his wife is contradicted by Marroquin's testimony at trial. Petitioner has not shown any deficiency or prejudice under *Strickland*. See *James v. Borg*, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief.").

Petitioner's remaining objections are without merit. Petitioner's request for an evidentiary hearing is DENIED.

2

1  IT IS ORDERED that Judgment be entered denying the Petition and
2  dismissing this action with prejudice.
3
4  DATED: Aug 1 2011

   _____
   VIRGINIA A. PHILLIPS
   United States District Judge